IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JAMI HENDERSON** | : | |
| 322 E. Morrill Ave. | : | |
| Columbus, Ohio 43207 | : | |
| | : | |
| Plaintiff, | : | CASE NO. 2:20-cv-153 |
| | : | |
| v. | : | JUDGE |
| | : | |
| | : | MAGISTRATE JUDGE |
| **THE WAXXPOT GROUP, LLC.** | : | |
| c/o Robert Wharton | : | **Jury Demand Endorsed Hereon** |
| 629 N. High St. | : | |
| Columbus, OH 43215 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

NOW COMES Plaintiff Jami Henderson ("Plaintiff") and proffers this Complaint for damages against Defendant The Waxxpot Group, LLC. ("Defendant").

## THE PARTIES

1. Plaintiff is a natural person residing in Franklin County, Ohio.

2. Defendant is a limited liability company, conducting significant business in the Southern District of Ohio.

3. Plaintiff is an "eligible employee" as defined by the Family Medical Leave Act, 29 U.S.C. § 2611(2), the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, *et seq*. ("ADA"), and by O.R.C. Chapter 4112.

4. Defendant is an "employer" as defined by 29 U.S.C. § 2611(4)(A). Defendant was engaged in commerce or an industry or activity affecting commerce and employed 50 or more

employees for each working day during each of 20 or more calendar workweeks at all times during Plaintiff's employment.

5. Defendant is an "employer" as defined by 42 U.S.C. §12101, *et seq.*, and by O.R.C. Chapter 4112.

## JURISDICTION AND VENUE

6. All counts contained herein are brought pursuant to the laws of the United States, therefore this Court has jurisdiction pursuant to 28 U.S.C. §1331.

7. This action is brought pursuant to the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, *et seq.*, ("ADA") and the Ohio Laws of Discrimination, R.C. Chapter 4112 ("Chapter 4112"). This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

8. Venue is proper pursuant to 28 U.S.C. §1391, because all of the events in question took place in the Southern District of Ohio.

## FACTUAL BACKGROUND

9. Plaintiff was hired by Defendant in or around July of 2018 as a Manager.

10. Plaintiff was diagnosed with breast cancer, a disability in accordance with the ADA, in or around June of 2009.

11. Defendant was aware of Plaintiff's disability because Plaintiff disclosed during her interview that she is a breast cancer survivor.

12. Recently, Plaintiff's scarring from her breast cancer treatments became extremely painful and invasive and required cosmetic reconstructive surgery.

13. On or about May 27, 2019, Plaintiff informed Defendant that she needed reconstructive surgery on both breasts to manage her pain and scarring from cancer treatments.

14. Cosmetic disfigurement caused by breast cancer qualifies as a disability under the ADA and the Ohio Revised Code.

15. Cosmetic disfigurement is an impairment specifically enumerated in the ADA and R.C. Section 4112.

16. Plaintiff's cosmetic disfigurement qualifies as a current impairment, as recovery from surgery would limit at least one major life activity.

17. Plaintiff's cosmetic disfigurement also constitutes a record of impairment, as cancer is one impairment that substantially limits a major life activity.

18. Plaintiff was a qualified, disabled employee.

19. Plaintiff requested a reasonable accommodation for her cosmetic disfigurement.

20. Specifically, Plaintiff requested one week (five business days) off for surgery.

21. Plaintiff's accommodation request was reasonable, as five days off work is neither costly, nor unduly burdensome to Defendant.

22. Plaintiff was also eligible for leave under the FMLA, as she had a qualifying condition and had worked for Defendant for over 1,250 hours at the time she requested time off for surgery.

23. Defendant is an "employer" as that term is defined by the FMLA, as it employs over fifty (50) employees within a 75-mile radius.

24. Defendant did not offer FMLA to Plaintiff for her surgery, nor did it notify her of her FMLA eligibility within five days of becoming aware that she may have a serious medical condition, in direct violation of the statute.

25. Defendant made Plaintiff use personal time rather than FMLA leave when she had surgery.

26. Plaintiff had surgery on or about June 11, 2019.

27. Defendant terminated Plaintiff the next week, on or about June 20, 2019.

28. Defendant terminated Plaintiff because of her disability, and in retaliation for requesting a reasonable accommodation.

29. Defendant interfered with and denied Plaintiff's rights under the FMLA because she was denied FMLA leave to which she was entitled.

30. The alleged reasons for Plaintiff's termination are pretextual.

## COUNT I
### Disability Discrimination – Americans with Disabilities Act

31. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

32. This claim is brought under federal law, pursuant to 42 U.S.C. § 12101, *et seq.*, and as defined in 42 U.S.C. § 12101.

33. Plaintiff was otherwise qualified for the position, with or without a reasonable accommodation.

34. Defendant knew or had reason to know Plaintiff suffered from a disability because she disclosed her history of breast cancer and requested time off for cosmetic disfigurement surgery due to that breast cancer.

35. Defendant was aware of the difficulties suffered by Plaintiff as a result of her disability.

36. Defendant discriminated against Plaintiff because of her disability by taking the following non-exhaustive list of actions: terminating her employment, retaliating against her for

requesting a reasonable accommodation, and/or by otherwise discriminating against her in the terms, privileges and conditions of employment.

37. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

38. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorneys' fees and costs.

## COUNT II
### Disability Discrimination – RC § 4112.02

39. Plaintiff reasserts and reincorporates each and every allegation contained in the paragraphs above as if fully rewritten here.

40. At all times relevant herein, Plaintiff suffered from an impairment within the meaning of Section 4112.01(A)(16)(a)(i) of the Ohio Revised Code.

41. At all times relevant herein, Plaintiff was a qualified individual with a disability within the meaning of Section 4112.01(A)(13) of the Ohio Revised Code.

42. Defendant knew that Plaintiff was disabled or regarded her as disabled, as Defendant knew she suffered from breast cancer and knew she was cosmetically disfigured because of that breast cancer.

43. Defendant was aware of the difficulties suffered by Plaintiff as a result of her disability. Plaintiff discussed her disability with Defendant several times and eventually requested time off for surgery to attempt to correct the cosmetic disfigurement she has as a result of that disability.

44. Defendant discriminated against Plaintiff because of her disability by taking the following non-exhaustive list of actions: terminating her employment, retaliating against her, and/or by otherwise discriminating against her in the terms, privileges and conditions of employment.

45. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

46. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorneys' fees and costs.

## COUNT III
### Retaliation – Americans with Disabilities Act

47. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

48. Plaintiff engaged in a protected activity by requesting a reasonable accommodation for her disability. Specifically, Plaintiff requested a very limited amount of time off work to undergo surgery to correct her cosmetic disfigurement as a result of having breast cancer.

49. Defendant knew Plaintiff engaged in a protected activity, as she clearly communicated her request for time off work and informed Defendant of why she was having surgery.

50. Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions:

6

terminating her employment, and/or by otherwise discriminating against her in the terms, privileges and conditions of employment.

51. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

52. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT IV
### Retaliation – R.C. §4112.02

53. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

54. Plaintiff engaged in a protected activity by requesting a reasonable accommodation for her disability. Specifically, Plaintiff requested a very limited amount of time off work to undergo surgery to correct her cosmetic disfigurement as a result of having breast cancer.

55. Defendant knew Plaintiff engaged in a protected activity, as she clearly communicated her request for time off work and informed Defendant of why she was having surgery.

56. Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: terminating her employment, and/or by otherwise discriminating against her in the terms, privileges and conditions of employment.

57. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

58. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT V
### Interference – Violation of the Family Medical Leave Act

59. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

60. Plaintiff was eligible for FMLA leave at the time she requested time off for cosmetic disfigurement surgery.

61. Plaintiff was entitled to FMLA leave, as she suffers from a serious medical condition.

62. Defendant was notified that Plaintiff suffered from a serious medical condition that qualified her for FMLA leave because she discussed her history of breast cancer and its residual complications, including cosmetic disfigurement, with Defendant.

63. Plaintiff also discussed her need for surgery with Defendant. Surgery alone is a qualifying condition, entitling an employee to FMLA leave.

64. Defendant interfered with Plaintiff's FMLA rights by failing to offer Plaintiff leave to which she was entitled under the FMLA.

65. Defendant also interfered with Plaintiff's FMLA rights by failing to send her a Notice of FMLA Eligibility within five business days after it became aware that she might have

an FMLA-qualifying medical condition. There is no dispute that cancer and/or cosmetic disfigurement as a result of cancer treatment, that she mentioned to Defendant on several occasions, are serious medical conditions.

66. Defendant lacked good faith and/or reasonable grounds to believe it had not violated the FMLA in its discharge of Plaintiff.

67. There is no legitimate reason for Plaintiff's termination.

68. Defendant's violations of the Family and Medical Leave Act entitles Plaintiff, pursuant to 29 U.S.C. § 2617(a), to monetary damages which include back pay and benefits, statutory liquidated damages, and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ *Rachel A. Sabo*

Rachel A. Sabo (0089226)
Peter G. Friedmann (0089293)
**The Friedmann Firm LLC**
1457 S. High Street
Columbus, OH 43207
614-610-9757 (Phone)
614-737-9812 (Fax)
Rachel@thefriedmannfirm.com
Pete@thefriedmannfirm.com

*Attorneys for Plaintiff*

9

## **JURY DEMAND**

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ *Rachel A. Sabo*

Rachel A. Sabo (0089226)