UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAMI HENDERSON,**

        **Plaintiff,**

  v.

**THE WAXXPOT GROUP, LLC,**

      **Defendant.**

Case No. 2:20-cv-153
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court on five pretrial motions:

- Plaintiff's Motion in Limine re Honest Belief Defense (ECF No. 23)
- Plaintiff's Motion for Judgment on Defendant's Spoliation of Evidence (ECF No. 24)
- Defendant's Motion to Bifurcate the Trial (ECF No. 27)
- Defendant's Motion to Preclude Evidence of Disabling Condition (ECF No. 28)
- Defendant's Motion to Preclude Evidence of Front Pay Damages (ECF No. 29)

The parties filed responses to each of the motions and the motions are ripe for decision.

For the following reasons, the Court **GRANTS in part** Plaintiff's Motion for Judgment Regarding Defendant's Spoliation (ECF No. 24), **DENIES** Plaintiff's Motion re Honest Belief Defense (ECF No. 23), **GRANTS** Defendant's Motion to Bifurcate Trial (ECF No. 27), **DENIES in part and HOLDS IN ABEYANCE in part** Defendant's Motion to Preclude Evidence of Disabling Condition (ECF No. 28), and **GRANTS** Defendant's Motion to Preclude Evidence of Front Pay Damages until the Court determines Plaintiff's entitlement to front pay (ECF No. 29).

I. Background

This matter arises out of Defendant The Waxxpot Group, LLC's ("Waxxpot") termination of Plaintiff Jami Henderson on June 20, 2019. (Compl. ¶ 27, ECF No. 1.) According to the Complaint, Ms. Henderson was diagnosed with breast cancer in 2009. (*Id.* ¶ 10.) Waxxpot hired Henderson as a manager in July 2018. (*Id.* ¶ 9.) Almost a year later, in May 2019, Henderson informed Waxxpot that she needed to take five days off from work for breast reconstructive surgery to manage her pain and scarring. (*Id.* ¶¶ 13, 20.) Waxxpot allegedy forced Henderson to use personal time rather than paid medical leave when she had surgery. (*Id.* ¶ 25.) Nine days after her surgery, Waxxpot fired her. (*Id.* ¶¶ 26, 27.) Henderson alleges that Waxxpot terminated her because of her disability and for requesting a reasonable accommodation for her disability—five days off to undergo surgery. (*Id.* ¶ 28.)

Henderson filed this suit on January 10, 2020, alleging disability discrimination and retaliation under the Americans with Disabilities Act (ADA) and Ohio law. There were no dispositive motions filed in this case. It is set for trial on August 8, 2022.

II. Standard

Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in limine*. The United States Supreme Court has noted, however, that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). The purpose of a motion *in limine* is to allow a court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an evenhanded and expeditious trial. *See Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).  Notwithstanding

this well-meaning purpose, courts are generally reluctant to grant broad exclusions of evidence *in limine*, because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

Evidentiary rulings are made subject to the district court's sound discretion. *Frye v. CSX Trans., Inc.*, 933 F.3d 591, 598 (6th Cir. 2019). To obtain the exclusion of evidence under such a motion, a party must prove that the evidence is clearly inadmissible on all potential grounds. *See Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *Koch*, 2 F. Supp. 2d at 1388; *cf. Luce*, 469 U.S. at 41. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

### III. Analysis

#### A. Plaintiff's Motion for Judgment Based on Defendant's Spoliation of Evidence (ECF No. 24)

Plaintiff Henderson moves the Court for relief under Federal Rule of Civil Procedure 37(e)(2) based on Defendant's alleged intentional destruction of documents, ESI and text messages that were relied upon to terminate her employment. (ECF No. 24 at 1.)

Waxxpot claims its fired Henderson for job performance issues. (Def.'s Resp. to Pl.'s Interrog. 13, ECF No. 24, Ex. A.) When asked to produce documents in discovery related to Henderson's termination, Waxxpot represented that no documents existed. (*Id.*, Request for Production of Documents.) Yet Nina Kersey, Waxxpot's former Regional Operations Manager and the person who terminated Plaintiff, testified in her deposition that she and three other Waxxpot administrators relied on text messages and documents in terminating Henderson.

3

Kersey documented her conversations with Henderson about performance issues such as not being visible in her store, people not knowing where she was, team members not being able to find plaintiff, and Henderson not coaching her employees the way that the training and development team wanted. (Kersey Dep. at 16–17, ECF No. 25.) Kersey also allegedly had text messages between Henderson and Waxxpot associates that Waxxpot claims were insensitive. For example, Robert Wharton, Waxxpot's Chief Administrative Officer, recalls discussing one message where Henderson told one of her employees that it was "her fault" that she had a sick grandparent and she needed to show up for work. (Wharton Dep. at 21, ECF No. 26). Another message discussed the "lack of support" in Henderson's store. (*Id.*) Kersey and Wharton do not recall the names of the associates involved in the text messages. (*Id.* at 22.)

Kersey claims that she put the text messages in an email, which she printed off and gave to Wharton along with the other documentation in a file folder prior to their discussion to terminate Henderson. (Kinsey Dep. at 18.) Kersey, Wharton, and two other Waxxpot administrators looked at the documentation and text messages and made a collective decision to fire Henderson. (*Id.* at 34.) Kersey testified that she no longer has copies of the documents because she does not work for Waxxpot anymore. When questioned about the text messages and documents, Wharton testified that Kersey had the text messages on her phone and read them out loud to the group. He does not recall receiving any documents, text messages, or file folder. He testified that administrative decisions were conducted verbally, not in writing. If he received anything, he cannot find it. (Wharton Dep. at 18–19.)

Plaintiff contends that evidence of the existence or contents of the text messages and documents should be excluded. She does not know who the associates are and therefore has not been able to find the messages in her own phone. She cannot cross-examine them or view the text

messages. Plaintiff asserts this is highly prejudicial to her because these were the only documents relied upon in her termination to say that she performed poorly. It is undisputed that Plaintiff was never disciplined and there are no other records of issues with Plaintiff's employment.

Plaintiff asks the Court, under Federal Rule of Civil Procedure 37(e)(2), for an adverse inference against Defendant related to the documents and text messages. Plaintiff seeks an order barring Defendant from testifying that the documents or text messages exist, or about the contents of the documents and text messages. Alternatively, she asks the Court for an adverse inference instruction. She also asks for monetary sanctions to compensate Plaintiff's counsel for attorneys' fees and costs incurred in addressing Defendant's spoliation of evidence. Additionally, Plaintiff asks the Court to preclude Defendant from testifying about the existence of the destroyed documents and text messages, along with the contents of the destroyed documents and text messages, pursuant to Fed. R. Evid. 1002, the Best Evidence Rule and Fed. R. Evid. 801, Hearsay. (ECF No. 24 at 8.)

Defendant responds that the Court should deny Plaintiff's motion because it is untimely, it exceeds the page limitations set by the Court, the hearsay and best evidence issues are more suitably addressed at trial, and there is no evidence that spoliation occurred. (ECF No. 38 at 1.)

The record is insufficient to establish spoliation. Spoliation is "the intentional destruction of evidence that is presumed to be unfavorable to the party responsible for its destruction." *United States v. Copeland*, 321 F.3d 582, 597 (6th Cir. 2003) (citing Black's Law Dictionary 1401 (6th ed. 1990)). Here, Plaintiff does not show that Waxxpot intentionally deleted, wiped, or threw away the text messages and documents in anticipation of litigation.

The text messages and documents are, however, inadmissible hearsay, are highly prejudicial to Plaintiff, potentially cumulative, and are subject to the Best Evidence Rule. First, the

5

text messages meet no exception to the hearsay rules in Federal Rules of Evidence 801 and 803, nor do they constitute non-hearsay under Rule 801(d). *See McNeail-Tunstall v. Marsh USA*, 307 F. Supp. 2d 955, 970 (W.D. Tenn. 2004); *State v. Petty*, 2017-Ohio-1062, ¶ 22.

Second, so far as Defendant wishes to prove the content in the text messages or documents, it must produce the documents themselves. The Best Evidence Rule states, "[a]n original writing, recording, or photograph is required to prove its content unless these rules or a federal statute provides otherwise." Fed. R. Evid. 1002. As applied to the documents and text messages in this case, the Court agrees with Plaintiff that the original text messages and documents must be produced before the parties introduce evidence of the content of the text messages or documents. The information contained in the documents in text messages may be introduced through a witness's personal knowledge. *See United States v. Conteh*, 234 F. App'x 374, 387 (6th Cir. 2007) ("the best evidence rule does not apply here because the witnesses testified from their personal knowledge" about the same information contained in the documents).

Third, testimony about the text messages and documents without production of such would be substantially more prejudicial than probative. The Federal Rules of Evidence allow a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of…unfair prejudice." Fed. R. Evid. 403. Here, the text messages and documents are relevant to whether Waxxpot fired Henderson for a disability or for performance issues. However, Plaintiff did not have the opportunity to examine the text messages, contest the context of the text messages, or cross-examine the associates who sent or received the text messages. Ms. Henderson has the right to refute evidence presented against her. That is not possible here because Defendant either misplaced, disposed of, or never had the documents and text messages they allege helped them

6

reach the decision to terminate her. Allowing Waxxpot to enter evidence that Ms. Henderson has not had the opportunity to refute or examine would be highly prejudicial.

Forth, if a witness can testify from personal knowledge about the same information in the documents, then that information is cumulative under Rule 403. Fed. R. Evid. 403 (allowing a court to exclude relevant information where the probative value is substantially outweighed by its cumulative effect).

In sum, the content of the text messages and documents is excluded under Rules 801, 403 and 1002 absent production of the text messages and documents. Ms. Kerney can testify about the conversations she had with Plaintiff but cannot testify as to the content of her documents memorializing the conversations unless the documents are produced. In the same way, the associates may testify as to their interactions with Plaintiff but cannot testify as to the content of the text messages without producing the text messages. The motion is **GRANTED in part.**

**B. Plaintiff's Motion to Preclude Evidence of Honest Belief Defense (ECF No. 23)**

This motion is related to the spoliation issue above. Plaintiff asserts that Defendant should be precluded from arguing that it had an honest belief in its reason for discharging Henderson because it did not produce the text messages and documents that allegedly led to her termination. (ECF No. 23 at 3.) Allowing such arguments would be prejudicial, Plaintiff argues, because she could not examine the documents. (*Id.* at 7.)

Defendant responds that it should be permitted to argue it had an honest, non-discriminatory belief when it terminated Ms. Henderson because there is alternative evidence that Plaintiff was fired for job performance issues outside of the documents and text messages. (ECF No. 39 at 2.) The Court agrees. Defendant may offer evidence to show that that it did not fire Plaintiff for her disability. For example, Defendant asserts that Kersey had personal knowledge of

7

Plaintiff's performance issues and discussed them with Plaintiff prior to termination. Such evidence goes to Waxxpot's honest's belief and is not substantially more prejudicial than probative to Plaintiff. Indeed, it is the main issue of fact in the case. This motion is **DENIED**.

### C. Defendant's Motion to Bifurcate the Trial (ECF No. 27)

Defendant moves to bifurcate the trial into liability and compensatory damages, and punitive damages under Federal Rule of Civil Procedure 42(b) and Ohio Revised Code §2315.21(B)(1). (ECF No. 27.) Plaintiff does not object. (ECF No. 33.) The motion is **GRANTED**.

### D. Defendant's Motion to Preclude Evidence Regarding Disabling Condition (ECF No. 28)

Defendant moves to preclude Plaintiff from introducing any evidence that she has a disabling condition because Plaintiff did not retain an expert to support her claim that she is disabled, medical records alone are insufficient, and Plaintiff cannot testify as to her own medical conditions. (ECF No. 28 at 1.) Defendant cites one nonbinding case in support, *Botnick v. Zimmer, Inc.*, 484 F.Supp. 2d 715 (N.D. Ohio 2007). In *Botnick*, the Court granted summary judgment for the defendant on a product liability claim because the plaintiff did not provide expert testimony of medical causation, linking the challenged product to his injury. That holding does not apply in this case. Proof of medical causation between a product and an injury in a product liability claim is different than proof that a person is disabled under the ADA.

An individual is "disabled" under the ADA if she has "physical or mental impairment that substantially limits one or more of the major life activities of such individual." *Talley v. Fam. Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1106 (6th Cir. 2008) (quoting 42 U.S.C. § 12102(2)). "Major life activities" include "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). A condition

8

"substantially limits" a person if she is "[u]nable to perform a major life activity that the average person in the general population can perform" or if the individual is "[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. § 1630.2(j)(1). "The definition of disability" under the ADA "shall be construed in favor of broad coverage." 42 U.S.C. § 12102(4)(A).

A plaintiff's testimony along with medical records may establish that she is disabled under the ADA. *See Hostettler v. Coll. of Wooster*, 895 F.3d 844, 854 (6th Cir. 2018) (finding that plaintiff's self-reported symptoms and limitations and her doctor reports of her symptoms were "enough for her to be considered an individual with a disability under the ADA."). Therefore, the Court **DENIES** Defendant's motion to precluded evidence or arguments that Plaintiff is disabled.

As to Defendant's motion that Plaintiff's medical records are inadmissible under Federal Rule of Evidence 803, the Court **HOLDS IN ABEYANCE this part of the motion**. The parties stipulated to the authenticity of the records. Defendant contends it did not stipulate that the medical records were admissible. The parties do not provide the medical records and the Court cannot determine from the briefs each purpose for which the documents may be admitted. The parties should raise hearsay and other admissibility challenges to the medical records at trial.

**E. Defendant's Motion in Limine Regarding Front Pay Damages (ECF No. 29)**

Defendant moves to preclude evidence regarding front pay damages until the Court determines that she is entitled to an award for front pay. (ECF No. 29 at 1.) Plaintiff agrees that the Court should determine whether she is entitled to front pay before evidence of front pay is introduced at trial. (ECF No. 36 at 1.)

9

While the determination of the precise "amount of an award of front pay is a jury question," the initial "determination of the propriety of an award of front pay is a matter for the court." *Roush v. KFC Nat'l Mgmt. Co.*, 10 F.3d 392, 398 (6th Cir. 1993). Several factors must be considered when determining the propriety of an award of front pay, including "an employee's duty to mitigate, the availability of employment opportunities, the period within which one by reasonable efforts may be re-employed, the employee's work and life expectancy, the discount tables to determine the present value of future damages and other factors that are pertinent on prospective damage awards." *Shore v. Federal Express Corp.*, 777 F.2d 1155, 1160 (6th Cir. 1985). As requested by both parties, and because the Court does not have evidence before to consider the factors above, the Court will determine whether Plaintiff is entitled to front pay during trial before evidence of front pay may be introduced. Defendant's motion is **GRANTED**.

### IV. Conclusion

For the foregoing reasons, the Court, in accordance with this Opinion and Order, **GRANTS in part** Plaintiff's Motion for Judgment Regarding Defendant's Spoliation (ECF No. 24), **DENIES** Plaintiff's Motion re Honest Belief Defense (ECF No. 23), **GRANTS** Defendant's Motion to Bifurcate Trial (ECF No. 27), **DENIES in part and HOLDS IN ABEYANCE in part** Defendant's Motion to Preclude Evidence of Disabling Condition (ECF No. 28), and **GRANTS** Defendant's Motion to Preclude Evidence of Front Pay Damages until the Court determines Plaintiff's entitlement to front pay (ECF No. 29).

As with all *in limine* decisions, this ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda. The Court reminds the parties that the rulings made in this opinion bind the parties

10

unless either party seeks and obtains a different holding from the Court should the course of the trial compel a reconsideration.

    **IT IS SO ORDERED.**

_____            _____
**DATE**                                                            **EDMUND A. SARGUS, JR.**
                                                                                   **UNITED STATES DISTRICT JUDGE**